IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAUL CASTILLO RAMOS, #38299-037     *
         Petitioner
    v.                                  *     Civil Action No. PJM-14-1510
                                                      Criminal Action No. PJM-04-0293
UNITED STATES OF AMERICA       *
         Respondent
                                             *****

**MEMORANDUM OPINION**

On February 2, 2005, Petitioner Raul Castillo Ramos (hereinafter referred to as "Ramos") was sentenced to a total of 480 months and a 5-year term of supervised release after being convicted on multiple counts of distribution and possession with intent to distribute cocaine and using and carrying a firearm during and relating to a drug trafficking crime in violation of 21 U.S.C. §§ 841(a) & (b) and 18 U.S.C. § 924(c). Judgment was entered on February 8, 2005. The United States Court of Appeals for the Fourth Circuit affirmed the conviction on September 5, 2006. *See United States v. Ramos*, 462 F.3d 329 (4th Cir. 2006). The U.S. Supreme Court denied Ramos's petition for writ of certiorari.

On November 5, 2007, Ramos filed his first 28 U.S.C. § 2255 Motion to Vacate raising several ineffective assistance claims and further arguing that he received an excessive sentence. *See United States v. Ramos*, Criminal No. PJM-04-093 at ECF No. 34. After full briefing, the Motion was denied on December 3, 2008. *Id*. at ECF Nos. 42 & 43. Ramos's Rule 60(b) Motion was also denied. ECF No. 54. The Fourth Circuit denied a certificate of appealability and dismissed the appeal of the denial of the Motion to Vacate on July 29, 2009. *See United States v. Ramos*, 329 Fed Appx. 474 (4th Cir. 2009). The appeal of the decision to deny Rule 60(b) relief was dismissed on February 24, 2010. *United States v. Ramos*, 366 Fed. Appx. 470

(4th Cir. 2010).

On May 7, 2014, Ramos filed a 79-page "Petition for Relief Under the All Writs Act, Title 28 U.S.C. § 1651(a)," seeking to set aside his convictions. (ECF No. 79). He argues that: (1) the "Confrontation Clause" was violated when the trial court "accepted stipulations of drug analysis," contrary to Supreme Court and Fourth Circuit rulings; (2) the indictment was illegally broadened or "constructively" amended to include an uncharged firearm offense; and (3) he was denied his right to effective assistance of counsel.

This case requires the Court to determine whether Ramos's post-judgment filing must be construed as an unauthorized and successive § 2255 motion attacking his convictions and sentences because he previously filed a § 2255 application, which was dismissed on the merits, and has not obtained court of appeals certification for the present filing as required under 28 U.S.C. § 2255(h) or, alternatively, as a Petition for writ of habeas corpus under the All Writs Act. The answer to this question is important because it has jurisdictional implications. If Ramos's filing is construed as an unauthorized and successive § 2255 motion directly attacking his conviction or sentence, then this Court lacks jurisdiction to consider it. *See United States v. Winestock,* 340 F.3d 200, 206 (4th Cir. 2003).

The Supreme Court has stated in *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985)) that "' [t] he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and " '[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act , that is controlling.' " In the instant petition, Ramos is attacking his federal convictions sentence. Therefore, the proper vehicle by

which to assert this challenge is a section 2255 proceeding, not the All Writs Act. Further, the fact that petitioner's motion is successive does not render the remedy afforded by section 2255 inadequate or ineffective. *See In re Vial*, 115 F.3d 11923, 1194 n. 5 (4th Cir. 1997). Therefore, Ramos's pleading is properly construed as a successive § 2255 motion. *See Winestock,* 340 F.3d at 207 (a motion directly attacking the inmate's conviction or sentence will usually amount to a successive application); *see also Rodwell v. Pepe*, 324 F.3d 66, 70 (1st Cir. 2003); *United States v. Terrell*, 141 Fed. App'x. 849, 850 (11th Cir. 2005) (motion raising brand new substantive claims for relief on the merits and not presented in defendant's initial motion to vacate, were properly treated by district court as successive motion to vacate sentence).

Successive § 2255 motions may not be filed absent authorization to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) & 2255(h); *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Ramos has provided no evidence that he received authorization to file a successive Motion to Vacate by the appellate court as required pursuant to 28 U.S.C. § 2244(b)(3)(A).[1]

An inmate who filed a motion to vacate has no absolute entitlement to appeal a district court's denial of his or her Motion. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c)(2). The Defendant "must demonstrate that reasonable jurists would find

---

[1] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Ramos wish to seek authorization to file a successive petition. It is to be emphasized that Ramos must file the "motion" with the Fourth Circuit and obtain authorization to file his successive Motion before this Court may examine his claims.

the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a motion to vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Ramos has not made the required showing and the Court declines to issue a Certificate of Appealability. His court-construed Motion to Vacate will be dismissed without prejudice for lack of jurisdiction. A separate Order shall be entered reflecting the opinion set out herein.

May 8, 2014

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE