IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RAUL CASTILLO RAMOS,** *pro se* | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil No. **PJM 14-1510** |
| | * | Crim. No. **PJM 04-293** |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent | * | |

### MEMORANDUM OPINION

On September 12, 2014, Raul Castillo Ramos, *pro se*, filed a 79 page "Petition for Relief Under the All Writs Act, Title 28 U.S.C. § 1651(a)," seeking to set aside his convictions. (ECF No. 83).[1] Ramos filed the same petition on May 7, 2014. (ECF No. 79). The Court construed the May 7 petition as a successive motion to vacate sentence under 28 U.S.C. § 2255. (ECF No. 80, at 3). The Court also noted that Ramos had provided no evidence that he received authorization to file a successive Motion to Vacate by the Fourth Circuit as required pursuant to 28 U.S.C. § 2244(b)(3)(A). The Court provided Ramos a packet of instructions promulgated by the Fourth Circuit which addressed the procedures to be followed should Ramos wish to seek authorization to file a successive petition (ECF No. 80, at 3, 3 n.3). The Court then dismissed the Motion without prejudice. (ECF No. 81). The Court also declined to issue a certificate of appealability. (ECF No. 81).[2]

Since the Court's ruling, Ramos has sought authorization to file a successive petition with the Fourth Circuit. Attached to Ramos's instant petition is an order from the Fourth Circuit

---

[1] Due to a clerical error in chambers, Ramos's September 12, 2014 motion (ECF No. 83) was not docketed until February 9, 2015.
[2] Ramos points out that the text of the Court's May 9, 2014 Order (ECF No. 81) incorrectly states that the Order was signed on March 8, 2014. The correct date of May 9, 2014 is reflected in the electronic case filing system.

1

denying Ramos's motion for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255. (ECF No. 83-7); *In re Raul Castillo Ramos*, 14-354 (4th Cir. Sept. 22, 2014).

The Court again construes the instant petition (ECF No. 83) as a successive Motion to Vacate Sentence under 28 U.S.C. § 2255. The Fourth Circuit denied Ramos's motion for an order authorizing this Court to consider a successive application for relief under 28 U.S.C. § 2255. Accordingly, in the absence of pre-filing authorization, this Court lacks jurisdiction to consider Ramos's successive Motion to Vacate Sentence. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). The Court thereby dismisses Ramos's successive Motion to Vacate Sentence with prejudice. The Court again declines to issue a certificate of appealability.

A separate Order will **ISSUE.**

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**February 25, 2015**