IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAUL CASTILLO RAMOS, *pro se*,     *

      Petitioner,     *

v.     *     Civil No. **PJM 16-2021**
           *     Crim. No. **PJM 04-293**

UNITED STATES OF AMERICA ,     *

      Respondent     *

## MEMORANDUM OPINION

Raul Castillo Ramos, *pro se*, has filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. ECF No. 101. The Government has not responded. For the reasons that follow, the Court will **DISMISS WITH PREJUDICE** Ramos' Motion.

***

On September 8, 2004, Ramos was indicted on six counts of distributing cocaine base (crack) and two counts of using and carrying a firearm during and in relation to a drug trafficking offense. ECF No. 5. After a jury trial in 2004, he was convicted of all eight counts. On February 2, 2005, Judge Williams of this Court (now retired) sentenced Ramos to 40 years imprisonment. ECF No. 27. On appeal, the Fourth Circuit affirmed the conviction and sentence. ECF No. 31. On November 27, 2006, the Supreme Court denied Ramos' petition for writ of certiorari.

On November 5, 2007, Ramos filed a timely Motion to Vacate, Set Aside and Correct Sentence under 18 U.S.C. § 2255, asserting several ineffective assistance of counsel claims and arguing that his sentence was in excess of the sentence allowed by law. ECF No. 34. In a Memorandum Opinion and Order on December 2, 2008, the Court (J. Williams) denied the

Motion to Vacate. ECF Nos. 42 and 43. Ramos appealed. On July 29, 2009, the Fourth Circuit dismissed Ramos' appeal. ECF No. 53.

On May 7, 2014, Ramos filed a Motion styled as a "Petition for Relief Under the All Writs Act, Title 28 U.S.C. § 1651(A)," seeking to set aside his convictions. ECF No. 79. In a Memorandum Opinion and Order dated May 8, 2014, this member of the Court construed the May 7 Petition as a successive motion to vacate sentence under 28 U.S.C. § 2255. ECF No. 80, at 3. The Court also noted that Ramos had provided no evidence that he had received authorization to file a successive Motion to Vacate by the Fourth Circuit as required pursuant to 28 U.S.C. § 2244(b)(3)(A). The Court provided Ramos a packet of instructions promulgated by the Fourth Circuit which addressed the procedures to be followed should Ramos wish to seek authorization to file a successive petition. ECF No. 80, at 3, 3 n.3. The Court then dismissed the Motion without prejudice. ECF No. 81. The Court also declined to issue a certificate of appealability. ECF No. 81.

Following the Court's May 8, 2014 Memorandum Opinion and Order, Ramos sought authorization in the Fourth Circuit for the district court to consider a second or successive application for relief. *See* ECF No. 83-7. The Fourth Circuit, however, denied Ramos' petition. *Id.* On September 27, 2014, Ramos filed another "Petition for Relief Under the All Writs Act, Title 28 U.S.C. § 1651(A)" – which mirrored his May 7, 2014 Petition – seeking to set aside his convictions. ECF No. 83. In a Memorandum Opinion and Order dated February 25, 2015, the Court again construed Ramos' Petition as a successive motion to vacate sentence under 28 U.S.C. § 2255. ECF No. 85, at 2. The Court concluded that, in the absence of pre-filing authorization, it lacked jurisdiction to consider the successive motion to vacate. *Id.* The Court

therefore dismissed with prejudice Ramos' successive motion to vacate and declined to issue a certificate of appealability. ECF Nos. 85 and 86.

On May 26, 2015, Ramos filed a Motion to Review Sentence under 18 U.S.C. § 3742(a)(1), and on September 25, 2015, he filed a Petition to Amend Motion to Review Sentence under 18 U.S.C. § 3742(a)(1). In a Memorandum Opinion and Order on June 13, 2016, the Court construed the Motion to Review Sentence as yet another successive Motion to Vacate Sentence under 28 U.S.C. § 2255. ECF Nos. 102 and 103. Because Ramos had not obtained pre-filing authorization, the Court dismissed the successive Motion to Vacate Sentence with prejudice and declined to issue a certificate of appealability. The Court also mooted Ramos' Petition to Amend because it lacked jurisdiction in the case. Ramos appealed, and the Fourth Circuit, on November 22, 2016, denied his certificate of appealability and dismissed the appeal.

In the instant Motion to Vacate Sentence under 18 U.S.C. § 2255, filed on June 10, 2016, Ramos alludes to the Supreme Court's opinion in *Johnson v. United States*, 135 S.Ct. 2551 (2015). He argues that he has "the requirements and issues to raise a *Johnson* issue" because he "was convicted for violation of 18 U.S.C. § 924(c)(1)(A)(i)."

Ramos is correct that he was convicted, in part, in violation of 18 U.S.C. § 924(c)(1)(A)(i). He is incorrect, however, that *Johnson* is applicable to his sentence. While *Johnson* affects some sentences under § 924(c), it does not affect all of them. Relevant here, *Johnson* did not invalidate § 924(c)'s "drug trafficking" prong.

The September 8, 2004 Indictment charged Ramos with violations of 18 U.S.C, § 924(c)(1)(A)(i) in Counts II and VI, both of which alleged that he "unlawfully, knowingly, and intentionally use[d] and carr[ied] a firearm . . . during and in relation to a drug trafficking crime . . . that is, distribution of cocaine base . . ." Similarly, according to the Verdict Form, Ramos was

found guilty of Count II for "carrying a firearm during and in relation to a drug trafficking crime" and Count VI for the same. Ramos was not sentenced under the "crime of violence" prong of § 924(c).

Because the conviction underlying Ramos' 18 U.S.C. § 924(c) conviction was a drug offense rather than a crime of violence, *Johnson* is inapposite, and he is entitled to no relief. *See United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir.), *cert. denied*, 137 S. Ct. 224, 196 L. Ed. 2d 173 (2016), *reh'g denied*, 137 S. Ct. 460, 196 L. Ed. 2d 338 (2016) ("Section 924(c) prohibits the possession of a firearm in furtherance of a crime of violence *or* a drug trafficking crime. As the district court explained to the jury, Appellants could be found liable if they possessed a gun either in furtherance of the crime of violence charged in Count 1 or in furtherance of the drug trafficking crime charged in Count 2. The special verdict form clearly shows that the jury found Appellants guilty of possessing a firearm in furtherance of both crimes. Thus, even assuming that a Hobbs Act robbery is not a crime of violence, Appellants' verdicts may be sustained because the jury found Appellants guilty of possessing, and conspiring to possess, a firearm in furtherance of the drug trafficking crime of which they were convicted in Count 2."); *United States v. Richardson*, 653 F. App'x 209, 210, n.1 (4th Cir. 2016). *See also Moses v. United States*, No. 1:06CR46, 2016 WL 5845919, at *3 (E.D. Va. Oct. 6, 2016) ("Given that Petitioner's § 924(c) conviction was based upon a drug trafficking crime, as well as that his sentence could have been enhanced based solely on his drug convictions alone, the Supreme Court's decisions in *Johnson and Welch* provide Petitioner with no basis for relief."). Accordingly, Ramos' challenge to his § 924(c) conviction fails, and his § 2255 motion must be denied.

The Court dismisses Ramos' Motion to Vacate Sentence, ECF No. 101, with prejudice and declines to issue a certificate of appealability.

A separate Order will **ISSUE**.

_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

February 7, 2017