IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAUL CASTILLO RAMOS, *pro se* | * |
| Petitioner | * |
| v. | * Crim. No. PJM 04-00293 |
| | * Civil No. PJM 19-3007 |
| UNITED STATES OF AMERICA | * |
| Respondent | * |

## MEMORANDUM OPINION

Petitioner Raul Castillo Ramos has filed a *pro se* Motion for Resentencing Consideration. ECF No. 111. The Government has responded in Opposition. ECF No. 113. For the reasons set forth below, the Court **DENIES** the Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 2004, Ramos was indicted on six counts of distributing cocaine base (crack) and two counts of using and carrying a firearm during and in relation to a drug trafficking offense. ECF No. 5. After a jury trial in 2004, he was convicted of all eight counts. ECF No. 20. On February 2, 2005, Judge Williams of this Court (now retired) sentenced Ramos to 40 years of imprisonment. ECF No. 27. On appeal, the Fourth Circuit affirmed the conviction and sentence. ECF No. 31. On November 27, 2006, the Supreme Court denied Ramos' petition for writ of certiorari. *Ramos v. United States*, 549 U.S. 1065 (2006).

On November 5, 2007, Ramos filed a timely Motion to Vacate, Set Aside and Correct Sentence under 18 U.S.C. § 2255, asserting several ineffective assistance of counsel claims and arguing that his sentence was in excess of the sentence allowed by law. ECF No. 34. In a

1

Memorandum Opinion and Order on December 2, 2008, the Court (J. Williams) denied the Motion to Vacate. ECF Nos. 42 and 43. Ramos appealed on January 9, 2009. ECF No. 46. On July 29, 2009, the Fourth Circuit dismissed Ramos' appeal. ECF No. 53.

Since then and as described in the Court's February 7, 2017 Memorandum Opinion, ECF No. 109, Ramos has filed multiple motions. The Court has construed many of them as Motions to Vacate pursuant to 28 U.S.C. § 2255. *See* ECF Nos. 80, 85, 102. Since Ramos either had not sought or was denied authorization by the Fourth Circuit to file a successive petition in all these cases, the Court denied the motions.

On June 10, 2016, Ramos filed a Motion to Vacate Sentence under 18 U.S.C. § 2255, alluding to the Supreme Court's opinion in *Johnson v. United States*, 135 S.Ct. 2551 (2015). ECF No. 101. The Court issued a Memorandum Opinion and Order on February 7, 2017, denying the Motion to Vacate. ECF Nos. 109 & 110. Based on the law at the time, the Court found *Johnson* inapplicable to the Motion because, unlike *Johnson*, Ramos's underlying conviction was a drug offense rather than a crime of violence. ECF No. 109.

On September 5, 2017, Ramos asked the Court to reconsider his sentence under 18 U.S.C. § 924(c), relying on *Dean v. United States*, 137 S.Ct. 1170 (2017). ECF No. 111. On November 1, 2017, the Government filed a response in Opposition. ECF No. 113. In this motion, Ramos is essentially arguing that the Court should reconsider his sentencing because under *Dean*, 18 U.S.C. § 924(c) does not restrain the Court from doing so. ECF No. 111. Relying on *Dean*, Ramos asks the court to reconsider the sentencing for his predicate offenses and to adjust those sentences to one day each. *Id.* The Court notes that Ramos was sentenced to the statutory minimum for both the predicate offenses and the § 924(c) offenses.

2

The Government argues that the motion is a repetitious filing under 28 U.S.C. § 2255 and because Ramos has not sought the appropriate permission from the Fourth Circuit, the Court lacks jurisdiction. The Government also challenges the relevance of the *Dean* case because Ramos was sentenced to the statutory minimum for the predicate offenses. Lastly, the Government argues that even if *Dean* is relevant, it does not apply retroactively on collateral review. *Id.*

Relatedly, Judge Blake of this Court Ordered that the Federal Public Defender for the District of Maryland be appointed to represent Ramos in proceedings pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). ECF No. 115. This Opinion solely addresses Ramos' Motion for Resentencing under *Dean*, ECF No. 111. Ramos continues to proceed *pro se* with respect to the present motion.

## II. ANALYSIS

Absent authorization from the Fourth Circuit, a defendant's successive § 2255 motion is barred and a district court must deny the motion for lack of jurisdiction. *See* 28 U.S.C. § 2255(h); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (abrogated in part on other grounds by *United States v. McRae*, 793 F.3d 392 (4th Cir. 2015)); *United States v. Lora*, 629 F. App'x 564, 565 (4th Cir. 2015). Authorization is required even when it appears that a defendant is attempting to file the "functional equivalent" of a § 2255 petition. *Winestock* 340 F.3d at 206. In fact, district courts should "classify pro se pleadings from prisoners according to their contents, without regard to their captions." *Id.* at 203.

As such, the Court first must determine whether Ramos's post-judgment filing should be construed as an unauthorized and successive § 2255 motion attacking his convictions and sentences because he previously filed a § 2255 application, which was dismissed on the merits,

3

and has not obtained court of appeals certification for the present filing as required under 28 U.S.C. § 2255(h). If Ramos's filing is construed as an unauthorized and successive § 2255 motion directly attacking his conviction or sentence, then the Court lacks jurisdiction to consider it. *See Winestock*, 340 F.3d at 206.

Generally, defendants "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

28 U.S.C. § 2255 states:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

In determining whether a motion is a § 2255 motion, the Fourth Circuit has said that "a [second] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." *Winestock*, 340 F.3d at, 207. A "brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications." *Babb v. United States*, 2014 WL 2772761, at *2 (D. Md. June 17, 2014) (citing *Winestock*, 340 F.3d at 207).

Ramos is arguing that under *Dean*, the Court should reconsider his sentence. Essentially, he is seeking a new ground of relief and attacking the Court's prior judgment. Furthermore, other

4

district courts have treated similar motions under *Dean* as successive motions as well. *See e.g.*, *Fleur v. United States*, 2017 WL 2684601, at *4 (S.D. Fla. May 3, 2017), report and recommendation adopted, 2017 WL 2684602 (S.D. Fla. June 21, 2017) (finding the Defendant's Motion pursuant to Dean was "a successive motion to vacate because it (1) seeks to add a new ground of relief; and/or, (2) attacks the federal court's previous resolution of the case on the merits"); *Cargill v. United States*, 2017 WL 3458976, at *2 (N.D. Ala. Aug. 11, 2017) (finding the Motion pursuant to *Dean* was successive because it was "challenging the same judgment as an earlier-filed petition that was decided on the merits"); *United States v. Horn*, 2018 WL 4059384, at *1 (N.D. Okla. Aug. 24, 2018) (holding the "Court agrees with the Government that Defendant's request to vacate his sentence qualifies as a successive § 2255 motion"). The Court accordingly construes his motion as a § 2255 motion.

Because the Court again construes the instant motion (ECF No. 111) as a successive motion under 28 U.S.C. § 2255, in the absence of pre-filing authorization, the Court lacks jurisdiction to consider it. The Court thereby dismisses Ramos's successive Motion to Vacate Sentence without prejudice.

As there is no jurisdiction, the Court need not address the merit of Ramos's Motion.

The Court also declines to issue a Certificate of Appealability. Pursuant to 28 U.S.C. § 2253, the court may issue a Certificate of Appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." When a district court dismisses a motion to vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it

5

debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)). The Defendant has not made the requisite showing.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Ramos's Motion for Resentencing Consideration.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**October 23, 2019**